10-2678-ag
Zhe Nong Zou v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of November, two thousand eleven.

PRESENT: DENNIS JACOBS,
                    Chief Judge,
         JON O. NEWMAN,
         GERARD E. LYNCH,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
Zhe Nong Zou,
         Petitioner,

         -v.-                                    10-2678-ag

Eric Holder, Jr., United States
Attorney General
         Respondent.
- - - - - - - - - - - - - - - - - - - -X


FOR PETITIONER:            Jeffrey Nguyen, Thomas F.
                           Williams, & Assoc., P.C.,
                           Quincy, Massachusetts.

1

**FOR RESPONDENT:** Kevin Conway, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington D.C. (Tony West, Assistant Attorney General; Allen W. Hausman, Senior Litigation Counsel; Ann Carroll Varnon, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington D.C. <u>on the brief</u>).

Petition for review from a decision of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED, in part, and DISMISSED, in part**.

Petitioner Zhe Nong Zou filed a petition for review, challenging the decision of the Board of Immigration Appeals ("BIA") declining to reopen his immigration proceeding so Zou could seek a suspension of deportation under 8 U.S.C. § 1254(a)(1) (repealed 1996). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

2

**[1]** We review the BIA's decision denying Zou's motion to reopen for abuse of discretion. <u>Kaur v. Bd. of Immig. Appeals</u>, 413 F.3d 232, 233 (2d Cir. 2005) (<u>per curiam</u>). The BIA did not abuse its discretion in denying Zou's motion to reopen. As relevant here, a motion to reopen must be filed no later than 90 days after the proceeding has been closed. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1). Zou's original immigration proceeding concluded when the BIA dismissed his appeal on March 25, 2002. Zou did not move to reopen that proceeding until April 23, 2010, more than eight years later. Accordingly, the BIA did not abuse its discretion in denying Zou's motion.

**[2]** Zou also argues that the BIA erred in not reopening his immigration proceeding under the BIA's <u>sua sponte</u> authority. <u>See</u> 8 C.F.R. § 1003.2(a) (providing that the BIA "may at any time reopen . . . on its own motion any case in which it has rendered a decision."). This Court generally lacks jurisdiction to review a BIA decision declining to <u>sua sponte</u> reopen a removal or deportation proceeding. <u>Ali v. Gonzales</u>, 448 F.3d 515, 518 (2d Cir. 2006) (<u>per curiam</u>).

Such a decision is placed "'[solely] within the discretion of the'" BIA. Mahmood v. Holder, 570 F.3d 466, 469 (2d Cir. 2009) (as amended) (quoting Ali, 448 F.3d at 518) (alteration in Mahmood). The BIA may decline to exercise its sua sponte authority to reopen a proceeding "even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a).

Zou asserts that this Court has jurisdiction because the BIA's decision may have been based on an error of law regarding his eligibility for suspension, and we have authority to review such a legal question. See Mahmood, 570 F.3d at 469. This is not so. The BIA declined to exercise its sua sponte authority because Zou failed to demonstrate exceptional circumstances warranting the exercise of such discretion. The passage that Zou identifies as legal error does not bear upon the BIA's discussion of its sua sponte authority; it relates solely to the untimeliness of his motion to reopen.

Finding no merit in Zou's remaining arguments, we hereby **DENY, in part, and DISMISS, in part,** Zou's petition for review.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4